**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5199**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILBUR SCOTT, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (CR-05-21)

Submitted:  August 25, 2006            Decided:  October 4, 2006

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wilbur Scott, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Because he had three prior violent felony convictions, Scott was sentenced, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000) ("ACCA"), to 180 months' imprisonment, the mandatory minimum under that statute. Scott appeals, arguing that the district court violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), by designating him an armed career criminal and sentencing him pursuant to the ACCA. Because Scott did not raise a constitutional challenge below, we review under the plain error standard of Fed. R. Crim. P. 52(b). See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Rule 52(a) and plain error standard in Rule 52(b)).

Scott advances two theories to support his position. Scott first asserts that the indictment was insufficient because it did not list the specific predicate felony convictions used to support his enhanced punishment. This argument fails under controlling circuit precedent. In United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005), this court ruled that the indictment need not reference or list the prior convictions

underlying the enhancement.  See also United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

Scott next argues that the factual findings a court must make to determine whether a prior conviction counts towards armed career criminal status involve more than the mere fact of a prior conviction, and therefore are subject to the requirements of Booker and Blakely.

Though many defendants have argued, as Scott does here, that the prior conviction exception set forth in Almendarez-Torres v. United States, 523 U.S. 224 (1998), may no longer be good law, see United States v. Shepard, 544 U.S. 13, 26-28 (2005) (Thomas, J., concurring), Booker clearly maintained the prior conviction exception.  See Booker, 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence . . . must be proved to a jury. . . .").  In Shepard, the Supreme Court held that Sixth Amendment protections apply only to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record . . . ."  544 U.S. at 25. Moreover, as we concluded in Thompson, decided post-Shepard, a determination that a defendant is eligible for sentencing under the ACCA may be based on a judge's determination that the predicate convictions are for violent felonies or drug trafficking crimes if the qualifying facts are inherent in the predicate convictions and the court is not required to perform additional fact finding.  421

F.3d at 283; <u>see also</u> <u>Cheek</u>, 415 F.3d at 354 (holding that, under the Sixth Amendment, the fact of a prior conviction need not be submitted to the jury or admitted by the defendant for it to serve as the basis for a sentence enhancement).

Faced with this controlling authority, Scott acknowledges that <u>Thompson</u> runs contrary to his position, but invites this court to reconsider <u>Thompson</u>. We decline Scott's invitation and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -